```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EASTERN, LLC                      :    CIVIL ACTION
                                  :
          v.                      :
                                  :
TRAVELERS CASUALTY INSURANCE      :
COMPANY OF AMERICA                :    NO. 19-5283
```

MEMORANDUM

Bartle, J.                                      September 15, 2020

Plaintiff Eastern, LLC ("Eastern") brings this diversity action, removed from state court, against defendant Travelers Casualty Insurance Company of America ("Travelers") for breach of contract. Eastern asserts that Travelers failed to defend and indemnify it when it was a defendant in an underlying lawsuit. Eastern also asserts a claim for bad faith under 42 Pa. C.S. § 8371. Travelers thereafter filed a counterclaim for a declaration that it has no obligation to defend or indemnify Eastern. Before the court is the motion of Travelers for summary judgment and the cross-motion of Eastern for summary judgment on all claims under Rule 56 of the Federal Rules of Civil Procedure.

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  We view the facts and draw all inferences in favor of the nonmoving party.  See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  See Anderson, 477 U.S. at 252.  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]."  Id.  In addition, Rule 56(e)(2) provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

II

The following facts are undisputed.  Marsha Rosenthal ("Rosenthal") brought an underlying action for negligence in the Court of Common Pleas in Philadelphia County against Eastern and eight other defendants.  She alleged that she sustained injuries

from a slip and fall on ice at 11000 Roosevelt Boulevard in Philadelphia on January 17, 2016.

At the time of Rosenthal's fall, Eastern had a contract with the owner of 11000 Roosevelt Boulevard, Lebanon Pad, LP, to remove snow and ice from the property. Eastern had a subcontract with Etna Corporation, Inc. ("Etna") for Etna to remove snow and ice and indemnify Eastern from injury claims "directly or indirectly arising out of, or caused by, or resulting from the performed [sic] under the agreement."

This contract between Eastern and Etna required Etna to name Eastern and the property owner as additional insureds on Etna's general liability insurance policy. Etna did so.

The policy included a provision that "any person or organization that you [Etna] agree in a 'written contract requiring insurance' to include as an additional insured" will be covered in certain circumstances. This provision extending coverage to additional insureds was only applicable to "liability for the 'bodily injury,' 'property damage' or 'personal injury;" and if:

> the injury or damage is caused by acts or omissions of you [Etna] or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

Pursuant to the terms of this policy, Travelers had the "duty to defend the insured against any 'suit' seeking those damages" for bodily injury or property damage when the insurance applies. The policy also stated that Travelers did not have a duty to defend when the insurance does not apply.

Eastern requested on multiple occasions that Travelers defend and indemnify it pursuant to Etna's policy with Travelers. On October 22, 2018, and again on February 5, 2019, Travelers denied all coverage for this claim.

Rosenthal named Eastern as a defendant but did not name Etna in her complaint. On April 19, 2019, Eastern filed a joinder complaint in the Rosenthal lawsuit against Etna, but only after the statute of limitations for Rosenthal's underlying claim had expired. Rosenthal never asserted any direct claim against Etna. Eastern and Rosenthal subsequently resolved the Rosenthal action through binding arbitration.

III

Eastern argues that Travelers has a duty to defend and indemnify it in the Rosenthal action as an additional insured pursuant to Etna's insurance policy with Travelers. It is undisputed that Eastern, pursuant to its written contract with Etna, was listed as an additional insured on Etna's insurance policy with Travelers and that Travelers agreed to defend the insured against any suit seeking damages for bodily injury or

property damage if the policy applies.  The terms of the policy, however, limit coverage for additional insureds.

To identify if a duty to defend and indemnify exists, the court must first examine the insurance policy itself to determine the extent of coverage and then analyze the complaint "to determine whether the allegations set forth therein constitute the type of instances that will trigger coverage." Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 897 (Pa. 2006).  "When the language of the policy is clear and unambiguous, we must give effect to that language."  Id.

The policy in question covers an additional insured if the bodily injury is "caused by the acts or omissions of you [Etna] or your subcontractor in the performance of 'your work' to which the 'written contract requiring insurance' applies." The policy also states that an entity will not be an additional insured for purposes of coverage under this policy "with respect to the independent acts or omissions of such person or organization."

The language of this policy is clear and unambiguous. It states that coverage for an additional insured such as Eastern is limited to injuries caused by Etna, the holder of the policy, or Etna's subcontractor, in the performance of Etna's work.  If Eastern acted independently of Etna, then it does not

-5-

qualify as an additional insured and no coverage is provided under this policy.

The Rosenthal complaint avers that Eastern along with eight other defendants were negligent in removing the ice and snow and that their negligence caused Rosenthal's injuries. As noted above, Rosenthal did not sue Etna. There is nothing within the four corners of Rosenthal's complaint which alleges that injury resulted from the negligence of Etna or Etna's subcontractor in the performance of Etna's work.

The fact that Eastern later joined Etna as a third party to the action does not trigger this duty to defend since Eastern was the plaintiff in that complaint, rather than a defendant. The duty to defend requires that the insurance carrier defend an action brought *against* the insured. See Dale Corp. v. Cumberland Mut. Fire Ins. Co., No. 09-1115, 2010 WL 4909600, at *8 (E.D. Pa. Nov. 30, 2010). Moreover, Eastern's third-party complaint against Etna does not assert a claim of bodily injury or property damage, but rather seeks indemnification for Rosenthal's claims. See Cont'l Cas. Co. v. Westfield Ins. Co., No. 16-5299, 2017 WL 1477136, at *9 (E.D. Pa. April 24, 2017). Therefore, nothing in the third-party complaint gives rise to coverage under the insurance policy.

Based on the terms of the policy and the allegations

within the four corners of Rosenthal's complaint, Travelers does not have a duty to defend Eastern for Eastern's actions independent of Etna.  As the duty to defend is broader than the duty to indemnify, Travelers also does not have a duty to indemnify.  See Gen. Accident Ins. Co. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997).  Absent any allegations in the Rosenthal complaint against Etna for negligence, Eastern is not an additional insured under this policy.  No genuine dispute of material fact exists, and no jury could reasonably find that Eastern was covered as an additional insured in this instance.

Accordingly, the court will grant the motion of Travelers for summary judgment as to plaintiff's breach of contract claim and as to Travelers' counterclaim for a declaration that it did not have a duty to defend and indemnify Eastern and will deny the cross-motion of Eastern for summary judgment.

IV

Under Pennsylvania law, an insured may recover interest, punitive damages, court costs, and attorney fees "if the court finds that the insurer has acted in bad faith toward the insured."  42 Pa.C.S. § 8371.  The Supreme Court of Pennsylvania has explained:

> [T]o prevail in a bad faith insurance claim pursuant to Section 8371, a plaintiff must demonstrate, by clear and convincing

> evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim . . . Proof of the insurer's subjective motive of self-interest or ill-will . . . is not a necessary prerequisite to succeeding in a bad faith claim.

Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 377 (Pa. 2017).  "[A]n insurer may defeat a claim of bad faith by showing that it had a reasonable basis for its actions."  Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167, 179 (3d Cir. 2011).

Consequently, summary judgment of a bad faith claim under section 8371 is appropriate when the insured fails to present clear and convincing evidence that the insurer's conduct was unreasonable and that the insurer knew or recklessly disregarded its lack of a reasonable basis for denying coverage. Bostick v. ITT Hartford Grp., Inc., 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999).  The burden on plaintiff to oppose summary judgment on a bad faith claim "is commensurately high because the court must view the evidence presented in light of the substantive evidentiary burden at trial."  Kosierowski v. Allstate Ins. Co., 51 F. Supp. 2d 583, 588 (E.D. Pa. 1999).

Eastern's sole argument for its bad faith claim is based on the lapse in time between Eastern's request to Travelers for coverage in the Rosenthal action on May 23, 2018 and Travelers' response denying coverage on October 22, 2018.

Although "[d]elay is a relevant factor in determining whether bad faith has occurred . . . a long period of time between demand and settlement does not, on its own, necessarily constitute bad faith." Id. at 589. "Rather, courts have looked to the degree to which a defendant insurer knew that it had no basis to deny the claimant; if delay is attributable to the need to investigate further or even to simple negligence, no bad faith has occurred." Id.

Eastern's argument of bad faith is without merit. There cannot be a bad faith claim against an insurer if that insurer had no duty to defend. See 631 N. Broad St., LP v. Commonwealth Land Title Ins. Co., 778 F. Appx. 164, 166 (3d Cir. 2019).

Eastern fails to provide any evidence that Travelers lacked a reasonable basis to refuse to defend. Indeed, the evidence established without dispute that Travelers correctly refused to defend and indemnify Eastern. Therefore, this court will grant summary judgment in favor of Travelers on Eastern's bad faith claim and will deny Eastern's motion for summary judgment on this claim.